NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  AMR MOHSEN,<br><br>Debtor.<br><br>------------------------------<br><br>AMR MOHSEN,<br><br>Appellant,<br><br>  v.<br><br>CAROL WU,<br><br>Appellee. | No. 15-60071<br><br>BAP No. 14-1435<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Jury, Dunn, and Kirscher, Bankruptcy Judges, Presiding

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Chapter 7 debtor Amr Mohsen appeals pro se from the Bankruptcy

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellate Panel's ("BAP") order dismissing Mohsen's appeal for lack of prosecution. We review de novo our own jurisdiction. *Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs)*, 339 F.3d 782, 787 (9th Cir. 2003). We dismiss for lack of appellate jurisdiction.

The bankruptcy court properly certified its March 25, 2014 order as final under Federal Rule of Civil Procedure 54(b) ("Rule 54(b)"). *See* Fed. R. Bankr. P. 7054(a) (applying Rule 54(b) to adversary proceedings); *Ariz. State Carpenters Pension Tr. Fund v. Miller*, 938 F.2d 1038, 1039-40 (9th Cir. 1991) (court of appeals must independently determine that the judgment is final). We lack jurisdiction because Mohsen did not file a timely notice of appeal after the bankruptcy court's order denying his motion for reconsideration. *See* Fed. R. Bankr. P. 8002(a)(1), (b)(1) (notice of appeal must be filed within 14 days after entry of the order being appealed; time to file an appeal runs from entry of the order disposing of a timely post-judgment tolling motion); 28 U.S.C. § 158(c)(2) (an appeal to the BAP must be taken within the time provided by Fed. R. Bankr. P. 8002); *Anderson v. Mouradick (In re Mouradick)*, 13 F.3d 326, 327 (9th Cir. 1994) ("[T]he untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." (citations omitted)).

Mohsen's request for oral argument, set forth in the opening brief, is denied.

**DISMISSED.**

15-60071